# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| ENOVSYS LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>VERIZON COMMUNICATIONS, INC., VERIZON BUSINESS NETWORK SERVICES, INC., VERIZON ENTERPRISE SOLUTIONS, LLC, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, INC., VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL, LLC, and VERIZON SERVICES CORP.,<br><br>                Defendants. | Case No. 2:21-cv-00315-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendants Verizon Communications Inc., Verizon Business Network Services, Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Data Services LLC, Verizon Business Global LLC, and Verizon Services Corp. (collectively, "Defendants" or "Verizon"),[1] by and through their undersigned counsel, hereby answer the complaint filed by Plaintiff Enovsys LLC ("Enovsys"). Verizon specifically denies all allegations not expressly admitted below.

### THE PARTIES[2]

1. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

---

[1] Multiple defendants are incorrectly named in the Complaint, and Verizon Enterprise Solutions LLC is no longer an active entity. The parties are negotiating an agreement to correct these errors.

[2] For convenience and clarity, Verizon's Answer repeats the same headings used in the complaint. In so doing, Verizon does not admit any allegations contained in those headings.

2.      Verizon admits the allegations in paragraph 2 as to Verizon Communications Inc.

3.      Verizon admits that Verizon Business Network Services Inc. is a Delaware corporation. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 3.

4.      Verizon denies the allegations in paragraph 4. Verizon Enterprise Solutions LLC is not an active entity.

5.      Verizon admits the allegations in paragraph 5 as to Cellco Partnership d/b/a Verizon Wireless.

6.      Verizon admits that Verizon Data Services LLC is a Delaware limited liability company. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 6.

7.      Verizon admits the allegations in paragraph 7 as to Verizon Business Global LLC. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 7.

8.      Verizon admits that Verizon Services Corp. is a Delaware corporation. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 8.

9.      Verizon admits that Verizon Business Network Services Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Data Services LLC, Verizon Business Global LLC, and Verizon Services Corp. are, directly or indirectly, wholly-owned by Verizon Communications Inc. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 9.

**JURISDICTION AND VENUE**

10.     Verizon admits that the complaint purports to bring an action that arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, but denies that Verizon has committed any act of patent infringement.

11.     To the extent the allegations in paragraph 11 call for a legal conclusion, no

response is required. To the extent a response is required, for purposes of this action only,

Verizon admits that this Court has federal question jurisdiction. Except as expressly admitted,

Verizon denies the remaining allegations in paragraph 11.

12.     To the extent the allegations in paragraph 12 call for a legal conclusion, no

response is required. To the extent a response is required, for purposes of this action only,

Verizon does not contest that this Court has personal jurisdiction over Cellco Partnership d/b/a

Verizon Wireless. Except as expressly admitted, Verizon denies the remaining allegations in

paragraph 12.

13.     To the extent the allegations in paragraph 13 call for a legal conclusion, no

response is required. To the extent a response is required, for purposes of this action only,

Verizon does not contest that venue is proper in this Court as to Cellco Partnership d/b/a Verizon

Wireless, although Verizon contends that the Central District of California would be a more

convenient venue for the parties and witnesses. Except as expressly admitted, Verizon denies the

remaining allegations in paragraph 13.

## BACKGROUND FACTS

### ENOVSYS AND ITS INTELLECTUAL PROPERTY

14.     Verizon is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 14, and therefore denies them.

15.     Verizon is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 15, and therefore denies them.

16.     Verizon admits that Exhibit A purports to be a copy of the '273 patent issued

April 12, 2011, to named inventors Mundi Fomukong and Denzil Willoughby Chesney. Verizon

is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in paragraph 16, and therefore denies them.

17. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

18. Verizon admits that Exhibit B purports to be a copy of the '078 patent issued April 22, 2014, to named inventors Mundi Fomukong and Denzil Willoughby Chesney. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and therefore denies them.

19. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20. Verizon admits that Exhibit C purports to be a copy of the '159 patent issued June 29, 1999, to named inventors Mundi Fomukong and Denzil Chesney. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20, and therefore denies them.

21. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

22. Verizon admits that Exhibit D purports to be a copy of the '188 patent issued June 5, 2012, to named inventors Mundi Fomukong and Denzil Willoughby Chesney. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22, and therefore denies them.

23. To the extent the allegations in paragraph 23 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the allegations in paragraph 23.

24. To the extent the allegations in paragraph 24 call for a legal conclusion, no

response is required. To the extent a response is required, Verizon denies the allegations in paragraph 24.

24. To the extent the allegations in paragraph 25 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the allegations in paragraph 25.

26. To the extent the allegations in paragraph 26 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the allegations in paragraph 26.

27. Verizon admits that the complaint purports to refer to the '273 patent, the '159 patent, the '188 patent, and the '078 patent as the "Asserted Patents" or "Patents-In-Suit."

28. Verizon denies the allegations in paragraph 28.

29. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies them.

30. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies them.

**VERIZON AND ITS LOCATION BASED SERVICE OFFERINGS**

31. Verizon admits that Cellco Partnership d/b/a Verizon Wireless is a leading provider of telecommunications services in the United States serving millions of wireless customers in the United States. Verizon admits that Exhibit E purports to be a document available at https://opendevelopment.verizonwireless.com/content/dam/opendevelopment/pdf/LBSaGPS4GS UPLFeatureOverview.pdf. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 31.

32.     Verizon admits that Exhibit F purports to be a copy of a letter dated April 19, 2011, from Peter B. Davidson to The Honorable Joe Barton and The Honorable Edward J. Markey. To the extent paragraph 32 accurately quotes from Exhibit F, Verizon admits that Exhibit F includes the quoted language. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 32.

33.     Verizon admits that Cellco Partnership d/b/a Verizon Wireless has offered wireless location based services and services called Family Locator and Smart Family. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 33.

34.     Verizon admits that Cellco Partnership d/b/a Verizon Wireless has offered smartphones and other devices that can use wireless location based services. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 34.

35.     To the extent paragraph 35 accurately quotes from Exhibit F, Verizon admits that Exhibit F includes the quoted language. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 35.

36.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies them.

37.     Verizon admits that in general subscribers must opt in to use wireless location based services and may later disable those services by changing device settings. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 37.

38.     Verizon denies the allegations in paragraph 38.

39.     Verizon admits that Exhibit G purports to be a copy of a letter dated October 3, 2001. Verizon admits that Exhibit H purports to be a copy of a letter dated February 22, 2010. Verizon admits that Exhibits G and H identify the '159 patent. Except as expressly admitted,

Verizon denies the remaining allegations in paragraph 39.

40.     Verizon denies the allegations in paragraph 40.

## FIRST CAUSE OF ACTION:

## INFRINGEMENT OF U.S. PATENT SERIAL NO. 7,925,273

41.     Verizon restates and incorporates by reference its responses above.

42.     To the extent the allegations in paragraph 42 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the allegations in paragraph 42.

43.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies them.

44.     Verizon denies the allegations in paragraph 44.

45.     Verizon denies the allegations in paragraph 45.

46.     Verizon denies the allegations in paragraph 46.

47.     Verizon denies the allegations in paragraph 47.

48.     Verizon denies the allegations in paragraph 48.

49.     Verizon denies the allegations in paragraph 49.

50.     To the extent paragraph 50 accurately quotes from documents, Verizon admits that those documents include the quoted language. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 50.

51.     Verizon denies the allegations in paragraph 51.

52.     Verizon denies the allegations in paragraph 52.

53.     Verizon denies the allegations in paragraph 53.

## SECOND CAUSE OF ACTION:

## INFRINGEMENT OF U.S. PATENT SERIAL NO. 8,706,078

54.     Verizon restates and incorporates by reference its responses above.

55.     To the extent the allegations in paragraph 55 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the remaining allegations in paragraph 55.

56.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore denies them.

57.     Verizon denies the allegations in paragraph 57.

58.     Verizon denies the allegations in paragraph 58.

59.     Verizon denies the allegations in paragraph 59.

60.     Verizon denies the allegations in paragraph 60.

61.     Verizon denies the allegations in paragraph 61.

62.     Verizon denies the allegations in paragraph 62.

63.     To the extent paragraph 63 accurately quotes from documents, Verizon admits that those documents include the quoted language. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 63.

64.     Verizon denies the allegations in paragraph 64.

65.     Verizon denies the allegations in paragraph 65.

66.     Verizon denies the allegations in paragraph 66.

## THIRD CAUSE OF ACTION:

## INFRINGEMENT OF U.S. PATENT SERIAL NO. 5,918,159

67.     Verizon restates and incorporates by reference its responses above.

68.     To the extent the allegations in paragraph 68 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the remaining allegations in paragraph 68.

69.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies them.

70.     Verizon denies the allegations in paragraph 70.

71.     Verizon denies the allegations in paragraph 71.

72.     Verizon denies the allegations in paragraph 72.

73.     Verizon denies the allegations in paragraph 73.

74.     Verizon denies the allegations in paragraph 74.

75.     Verizon denies the allegations in paragraph 75.

76.     To the extent paragraph 76 accurately quotes from documents, Verizon admits that those documents include the quoted language. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 76.

77.     Verizon denies the allegations in paragraph 77.

78.     Verizon denies the allegations in paragraph 78.

79.     Verizon denies the allegations in paragraph 79.

**FOURTH CAUSE OF ACTION:**

**INFRINGEMENT OF U.S. PATENT SERIAL NO. 8,915,188**

80.     Verizon restates and incorporates by reference its responses above.

81.     To the extent the allegations in paragraph 81 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the remaining allegations in paragraph 81.

82.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore denies them.

83.     Verizon denies the allegations in paragraph 83.

84.     Verizon denies the allegations in paragraph 84.

85.     Verizon denies the allegations in paragraph 85.

86.     Verizon denies the allegations in paragraph 86.

87.     Verizon denies the allegations in paragraph 87.

88.     Verizon denies the allegations in paragraph 88.

89.     To the extent paragraph 89 accurately quotes from documents, Verizon admits that those documents include the quoted language. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 89.

90.     Verizon denies the allegations in paragraph 90.

91.     Verizon denies the allegations in paragraph 91.

92.     Verizon denies the allegations in paragraph 92.

## PRAYER FOR RELIEF

Verizon denies that Enovsys is entitled to any relief and denies any allegations in Enovsys's Prayer for Relief.

## JURY DEMAND

This section of the complaint does not contain any allegations that require a response.

## AFFIRMATIVE DEFENSES

Enovsys's claims are barred in whole or in part by the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Enovsys's complaint, on one or more claims for relief set forth therein, fails to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Infringement)

Verizon has not infringed in any manner under 35 U.S.C. § 271 the asserted claims of the '273 patent, the '078 patent, the '159 patent, or the '188 patent.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

The asserted claims of the '273 patent, the '078 patent, the '159 patent, and the '188 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the doctrine of non-statutory double patenting.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, Estoppel)

Enovsys's claims against Verizon are barred at least in part by the doctrines of waiver, acquiescence, and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

Enovsys's request for damages is barred at least in part under 35 U.S.C. §§ 286 and 287.

## SIXTH AFFIRMATIVE DEFENSE

### (No Enhanced Damages)

Enovsys's request for enhanced damages under 35 U.S.C. § 284 is barred at least because Enovsys cannot establish willful infringement by Verizon, or that this case involves egregious misconduct beyond typical alleged infringement.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Attorney Fees)

Enovsys's request for attorney fees is barred at least because Enovsys cannot meet the requirements of 35 U.S.C. § 285.

## EIGHTH AFFIRMATIVE DEFENSE

### (Limitation on Costs)

Enovsys's request for costs is barred at least in part under 35 U.S.C. § 288.

## RESERVATION OF AFFIRMATIVE DEFENSES

Verizon expressly reserves all affirmative defenses under Fed. R. Civ. P. 8(c), the patent laws of the United States, and any other defenses at law or in equity that may now exist or in the future be available based on discovery and further factual investigation of the case.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") alleges the following Counterclaims against Enovsys:

## NATURE OF THE ACTION

1.     These Counterclaims arise from Enovsys's allegations of infringement against Verizon Wireless.

2.      According to the allegations set forth in the complaint, Enovsys claims to be the owner of all rights, titles, and interests to the '273 patent, the '078 patent, the '159 patent, and the '188 patent, including the rights to sue and recover for infringement.

3.      Enovsys has accused Verizon Wireless of infringing one or more claims of each of the '273 patent, the '078 patent, the '159 patent, and the '188 patent. Verizon Wireless denies that it has infringed any valid and enforceable claim of the '273 patent, the '078 patent, the '159 patent, and the '188 patent.

4.      Enovsys has filed this lawsuit against Verizon Wireless alleging infringement. Thus, an actual case and controversy exists between the parties concerning the infringement of one or more claims of the '273 patent, the '078 patent, the '159 patent, and the '188 patent, and that controversy is ripe for the adjudication by this Court.

## JURISDICTION AND VENUE

5.      These are Counterclaims for a declaration of non-infringement and invalidity of the claims of the '273 patent, the '078 patent, the '159 patent, and the '188 patent. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201. This Court also has personal jurisdiction over Enovsys because Enovsys has already submitted to the jurisdiction of this judicial district by initiating the instant lawsuit.

6.      Venue for these Counterclaims is legally proper in this District pursuant to at least 28 U.S.C. §§ 1367 and 1391.

## PARTIES

7.      Counterclaim-Plaintiff Cellco Partnership d/b/a Verizon Wireless is a Delaware partnership with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

8.      According to the allegations in paragraph 1 of the complaint, Counterclaim-Defendant Enovsys is a California limited liability company having a place of business at 269 South Beverly Drive, Suite 951, Beverly Hills, CA 90212.

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 7,925,273)

9.      Verizon Wireless repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

10.      Verizon Wireless has not infringed in any manner under 35 U.S.C. § 271 any claim of the '273 patent.

11.      To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon Wireless is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that it has not infringed in any manner under 35 U.S.C. § 271 any claim of the '273 patent.

## SECOND COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 7,925,273)

12.      Verizon Wireless repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

13.      One or more claims of the '273 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the doctrine of non-statutory double patenting.

14.      To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon

Wireless is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that the claims of the '273 patent are invalid.

## THIRD COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 8,706,078)

15.     Verizon Wireless repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

16.     Verizon Wireless has not infringed in any manner under 35 U.S.C. § 271 any claim of the '078 patent.

17.     To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon Wireless is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that it has not infringed in any manner under 35 U.S.C. § 271 any claim of the '078 patent.

## FOURTH COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 8,706,078)

18.     Verizon Wireless repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

19.     One or more claims of the '078 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the doctrine of non-statutory double patenting.

20.     To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon

Wireless is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that the claims of the '078 patent are invalid.

## FIFTH COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 5,918,159)

21.     Verizon Wireless repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

22.     Verizon Wireless has not infringed in any manner under 35 U.S.C. § 271 any claim of the '159 patent.

23.     To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon Wireless is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that it has not infringed in any manner under 35 U.S.C. § 271 any claim of the '159 patent.

## SIXTH COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 5,918,159)

24.     Verizon Wireless repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

25.     One or more claims of the '159 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the doctrine of non-statutory double patenting.

To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon Wireless is

entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that the claims of the '159 patent are invalid.

**SEVENTH COUNTERCLAIM**

**(Declaration of Non-Infringement of U.S. Patent No. 8,195,188)**

26.     Verizon Wireless repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

27.     Verizon Wireless has not infringed in any manner under 35 U.S.C. § 271 any claim of the '188 patent.

28.     To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon Wireless is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that it has not infringed in any manner under 35 U.S.C. § 271 any claim of the '188 patent.

**EIGHTH COUNTERCLAIM**

**(Declaration of Invalidity of U.S. Patent No. 8,195,188)**

29.     Verizon Wireless repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

30.     One or more claims of the '188 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the doctrine of non-statutory double patenting.

To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon Wireless is

entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that the claims of the '188 patent are invalid.

## PRAYER FOR RELIEF

WHEREAS, Verizon Wireless requests that this Court enter a judgment in its favor and against Enovsys as follows:

1.      Dismiss the complaint in its entirety, with prejudice;

2.      Enter judgment in favor of Verizon Wireless and against Enovsys;

3.      Declare that Verizon Wireless has not infringed the claims of the '273 patent, the '078 patent, the '159 patent, and the '188 patent;

4.      Declare that the claims of the '273 patent, the '078 patent, the '159 patent, and the '188 patent are invalid;

5.      Declare that this is an exceptional case under 35 U.S.C. § 285 and award Verizon Wireless its costs (including expert fees), expenses, disbursements, and attorneys' fees incurred in this action; and

6.      Grant such further relief to Verizon Wireless as is just and proper.

Dated: November 4, 2021                    Respectfully submitted,

                                           By: */s/ Geoffrey M. Godfrey, with permission by*
                                           *Michael E. Jones*
                                           Geoffrey M. Godfrey
                                           Erin Kolter (*pro hac vice*)
                                           Janelle Luceria Elysee (*pro hac vice*)
                                           DORSEY & WHITNEY LLP
                                           Columbia Center
                                           701 Fifth Avenue, Suite 6100
                                           Seattle, WA 98104-7043
                                           Phone: (206) 903-8800
                                           Fax: (206) 903-8820
                                           godfrey.geoff@dorsey.com
                                           kolter.erin@dorsey.com
                                           elysee.janelle@dorsey.com

                                           Melonie S. Jordan (*pro hac vice*)
                                           DORSEY & WHITNEY LLP
                                           Plaza Tower
                                           600 Anton Boulevard, Suite 2000
                                           Costa Mesa, CA 92626
                                           Phone: (714) 800-1400
                                           Fax: (714) 800-1499
                                           jordan.melonie@dorsey.com

                                           Michael E. Jones
                                           POTTER MINTON, P.C.
                                           110 North College Avenue, Suite 500
                                           Tyler, TX 75702
                                           Phone: (903) 597-8311
                                           Fax: (903) 593-0846
                                           mikejones@potterminton.com

                                           *Counsel for Defendants*