# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENOVSYS LLC,<br><br>    Plaintiff,<br><br> v.<br><br>VERIZON COMMUNICATIONS, INC., VERIZON BUSINESS NETWORK SERVICES, INC., VERIZON ENTERPRISE SOLUTIONS, LLC, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, INC., VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL, LLC, and VERIZON SERVICES CORP.,<br><br>    Defendants. | Case No. 2:21-cv-00315-JRG-RSP |

## DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S CLAIMS OF INDIRECT AND WILLFUL INFRINGEMENT

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. FACTS ............................................................................................................................. 1

III. ARGUMENT ................................................................................................................... 2

    A. Legal Standard ..................................................................................................... 2

    B. Enovsys Fails To State A Plausible Claim Of Indirect Infringement ..................... 3

        1. No knowledge of the '273, '188, and '078 patents. .................................... 4

        2. No knowledge of the alleged infringement ................................................ 5

        3. No specific intent to encourage infringement ............................................ 7

        4. Substantial non-infringing uses .................................................................. 8

    C. Enovsys Fails To State A Plausible Claim Of Willful Infringement .................... 10

        1. No knowledge of the '273, '188, and '078 patents ................................... 10

        2. No deliberate or intentional infringement ................................................ 10

IV. CONCLUSION .............................................................................................................. 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affinity Labs of Tex., LLC v. Toyota Motor North America, Inc.*,
   2014 U.S. Dist. LEXIS 90379 (W.D. Tex. May 12, 2014)..........................................................5

*Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*,
   2014 U.S. Dist. LEXIS 184564 (E.D. Tex. Feb. 7, 2014) .........................................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................................3

*Avocent Huntsville, LLC v. ZPE Sys.*,
   2018 U.S. Dist. LEXIS 47655 (N.D. Cal. Mar. 21, 2018).........................................................9

*Bayer HealthCare LLC v. Baxalta Inc.*,
   989 F.3d 964 (Fed. Cir. 2021)................................................................................................10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................................3

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012)............................................................................................8, 9

*Commil USA, LLC v. Cisco Sys.*,
   575 U.S. 632 (2015).............................................................................................................4, 6

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   2015 U.S. Dist. LEXIS 107354 (E.D. Tex. Jul. 15, 2015)........................................................8

*Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2005)...............................................................................................4

*Fractus, S.A. v. TCL Corp. et al.*,
   2021 U.S. Dist. LEXIS 114011 (E.D. Tex. Jun. 2, 2021).......................................................11

*Ghedi v. Mayorkas*,
   __ F.4th __, 2021 U.S. App. LEXIS 32009 (5th Cir. Oct. 25, 2021) .......................................3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)...........................................................................................................5, 10

*Helios Streaming, LLC v. Vudu, Inc.*,
   2020 U.S. Dist. LEXIS 82376 (D. Del. May 11, 2020)...........................................................6

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC,*
    594 F.3d 383 (5th Cir. 2010) ...........................................................................................3

*Longhorn Vaccines & Diagnostics & Diagnostics, LLC v. Spectrum Sols. LLC,*
    2021 U.S. Dist. LEXIS 182717, __ F. Supp. 3d __ (D. Utah Sep. 23, 2021) .........................11

*NobelBiz, Inc. v. InsideSales.com, Inc.,*
    6:13-cv-360-MHS, Dkt. 32 (E.D. Tex. Oct. 12, 2014) .......................................................5, 9

*Stragent, LLC v. BMW of N. Am., LLC,*
    2017 U.S. Dist. LEXIS 156084 (E.D. Tex. Mar. 3, 2017) ...................................................7, 8

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.,*
    2013 U.S. Dist. LEXIS 187806 (E.D. Tex. Feb. 7, 2013) ........................................................8

*Vita-Mix Corp. v. Basic Holding, Inc.,*
    581 F.3d 1317 (Fed. Cir. 2009) ............................................................................................4

**Statutes and Rules**

35 U.S.C. § 271(b) ................................................................................................... *passim*

35 U.S.C. § 271(c) ................................................................................................... *passim*

35 U.S.C. § 284 ...............................................................................................2, 10, 12

Fed. R. Civ. P. 12(b)(6) ............................................................................................1, 2, 3

**Other Authorities**

5A Charles Alan Wright et al., Federal Practice and Procedure § 1327
    (3d ed.) ..................................................................................................................4

https://en.wikipedia.org/wiki/Location-based_service ....................................................7

I.   **INTRODUCTION**

Defendants Verizon Communications Inc., Verizon Business Network Services, Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Data Services LLC, Verizon Business Global LLC, and Verizon Services Corp. (collectively "Verizon")[1] respectfully move under Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the claims of indirect and willful infringement in Plaintiff Enovsys LLC ("Enovsys")'s complaint (Dkt. 1, "Complaint").

There are four asserted patents, all of which expired years before Enovsys filed the Complaint. For three of the patents, Enovsys has not alleged facts plausibly showing that Verizon knew of the patents before they expired, which is an element of any indirect or willful infringement claim. Additionally, for all of the asserted patents, Enovsys has not alleged facts plausibly showing that Verizon: knew of the infringement now alleged in the Complaint before the patents expired; acted with specific intent to encourage infringement by its customers; supplied to its customers components that have no substantial non-infringing uses; or committed deliberate or intentional infringement. Consequently, all of Enovsys's indirect and willful infringement claims should be dismissed.

II.   **FACTS**

Enovsys alleges that Verizon "has directly infringed and/or indirectly infringed by inducement and/or contributory infringement" one or more claims of U.S. Patent Nos. 5,918,159 ("'159 patent"), 7,925,273 ("'273 patent"), 8,195,188 ("'188 patent"), and 8,706,078 ("'078 patent") (collectively, "Asserted Patents"). Dkt. 1, ¶¶ 44, 57, 70, 83. Enovsys alleges infringement involving location based services (LBS) and names three specific Verizon products

---

[1] Multiple defendants are incorrectly named in the Complaint, and Verizon Enterprise Solutions LLC is no longer an active entity. The parties are negotiating an agreement to correct these errors.

1

in the Complaint, "Smart Family (previously Family Locator)," "VZ Navigator," and "FieldForce." Dkt. 1, ¶¶ 33, 50, 63. Enovsys further alleges that Verizon's infringement of the Asserted Patents "is willful," and requests an award of enhanced damages under 35 U.S.C. § 284. Dkt. 1, ¶¶ 52, 65, 78, 91, Prayer for Relief at 2.

The Asserted Patents expired years before Enovsys filed the Complaint. Dkt. 1-1 (Ex. A), Dkt. 1-2 (Ex. B), Dkt. 1-3 (Ex. C), Dkt. 1-4 (Ex. D). In support of its indirect and willful infringement claims, Enovsys relies on two letters it allegedly sent to Verizon in 2001 and 2010, copies of which are attached as Exhibits G and H to the Complaint ("Pre-suit Letters"). Dkt. 1-7 (Ex. G); Dkt. 1-8 (Ex. H). These letters ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* The 2001 letter ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. 1-7 (Ex. G). The 2010 letter ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. 1-8 (Ex. H) (emphasis added). Enovsys does not claim to have sent Verizon the infringement claim charts provided in the Complaint, or the documents cited in those claim charts, at any time before the Asserted Patents expired.

### III.   ARGUMENT

Enovsys's claims of indirect infringement and willful infringement are not plausible and should be dismissed under Rule 12(b)(6).

#### A.   Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "A merely 'speculative' inference is not enough," and a court must "ignore the complaint's legal conclusions in determining facial plausibility." *Ghedi v. Mayorkas*, __ F.4th __, 2021 U.S. App. LEXIS 32009, at *11 (5th Cir. Oct. 25, 2021) (quoting *Twombly*, 550 U.S. at 555). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Determining facial plausibility is a "context-specific task" that requires a court to draw on its "judicial experience and common sense." *Ghedi*, 2021 U.S. App. LEXIS 32009, at *11 (citing *Iqbal*, 556 U.S. at 679).

In deciding a motion under Rule 12(b)(6), the Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Applying these principles, Enovsys's claims of indirect infringement and willful infringement are deficient and should be dismissed. Enovsys has "not nudged [these] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570.

### B.   Enovsys Fails To State A Plausible Claim Of Indirect Infringement

Enovsys alleges that Verizon has indirectly infringed claims of the Asserted Patents under 35 U.S.C. § 271(b) and (c). To plead induced infringement under § 271(b), a plaintiff must plead facts plausibly showing that "the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). To plead contributory infringement under § 271(c), a plaintiff must plead facts plausibly showing that

3

"defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses." *Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005) (internal quotations omitted). Enovsys's claims of indirect infringement are not plausible for multiple reasons and should be dismissed.

### 1. No knowledge of the '273, '188, and '078 patents.

Knowledge of the patent is an element of indirect infringement under § 271(b) and (c). *Commil USA, LLC v. Cisco Sys.*, 575 U.S. 632, 639 (2015). Thus, to avoid dismissal of its indirect infringement claims, Enovsys must plead facts plausibly showing that Verizon knew of the Asserted Patents before they expired. Enovsys has not done so for the '273, '188, and '078 patents, all of which expired years before the Complaint was filed.

Enovsys alleges that Verizon knew of the '273, '188, and '078 patents based on letters sent in 2001 and 2010, copies of which are attached as Exhibits G and H to the Complaint. Dkt. 1, ¶¶ 39, 51, 64, 77, 90; Dkt. 1-7 (Ex. G); Dkt. 1-8 (Ex. H). However, these letters ███████ ████████████████████████████████████████. Indeed, the '273, '188, and '078 patents had not even issued as of 2010. Dkt. 1-1 (Ex. A), Dkt. 1-2 (Ex. B), Dkt. 1-4 (Ex. D).[2]

"[W]hen a disparity exists between the written instrument annexed to the pleadings and the allegations in the pleadings, the terms of the written instrument will control, particularly when it is the instrument being relied upon by the party who made it an exhibit." 5A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1327 (3d ed.) (citing cases). Enovsys included the 2001 and 2010 letters as exhibits to the Complaint and relied on them to

---

[2] There is no allegation that Enovsys contacted Verizon after these patents issued.

4

support its allegation that Verizon had knowledge of '273, '188, and '078 patents.

Because the Complaint fails to allege facts plausibly showing that Verizon knew of the '273, '188, and '078 patents before they expired, the Court should dismiss Enovsys's indirect infringement claims for these patents.

Any argument by Enovsys that Verizon had "constructive knowledge" or "should have known" of the '273, '188, and '078 patents also fails because the correct legal standard requires actual knowledge or willful blindness, neither of which is plausibly alleged in the Complaint. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[D]eliberate indifference to a known risk that a patent exists is not the appropriate standard under § 271(b). . . . a willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts."); *NobelBiz, Inc. v. InsideSales.com, Inc.*, 6:13-cv-360-MHS, Dkt. 32, at 5 (E.D. Tex. Oct. 12, 2014) ("NobelBiz did assert that InsideSales 'knew or should have known' of the '122 and '399 Patents upon their issuance . . . . But contributory infringement requires *actual* knowledge, not just *constructive* knowledge based on issuance and publication of a patent.") (emphasis in original); *Affinity Labs of Tex., LLC v. Toyota Motor North America, Inc.*, 2014 U.S. Dist. LEXIS 90379, at *16 (W.D. Tex. May 12, 2014) ("[T]he defendant's awareness of a plaintiffs patent portfolio is not enough to support a willful blindness claim to defeat a motion to dismiss. The fact that the Asserted Patents were issued from a continuation of a patent application issued by the United States Patent and Trademark Office did not, without more, make plausible knowledge of the patent for purposes of inducing infringement.").

  **2.**  **No knowledge of the alleged infringement**.

Knowledge of the alleged infringement is another element of a claim of indirect infringement under § 271(b) and (c). *Commil*, 575 U.S. at 639. Thus, to avoid dismissal of its indirect infringement claims, Enovsys also must plead facts plausibly showing that Verizon knew—before expiration of the Asserted Patents—that its customers infringed those patents. Enovsys has failed to do so, including for the '159 patent ███████████████████.

Enovsys alleges on information and belief that "Verizon knew or should have known that its conduct would induce others to use the location-based services in a manner that infringes." Dkt. 1, ¶¶ 46, 59, 72, 85. In the Complaint, Enovsys includes claim charts describing the alleged infringement of particular patent claims and identifies specific products that Verizon's customers allegedly use to infringe the Asserted Patents, including "Smart Family (previously Family Locator)," "VZ Navigator," and "FieldForce." Dkt. 1, ¶¶ 50, 63, 76, 89. However, this information was not included in any communication to Verizon before expiration of the Asserted Patents and therefore cannot support a plausible claim of indirect infringement. *See Helios Streaming, LLC v. Vudu, Inc.*, 2020 U.S. Dist. LEXIS 82376, at *8 n.7 (D. Del. May 11, 2020) ("To the extent that Plaintiffs allege Vudu had knowledge that its acts induced infringement of the patents-in-suit based on the contents of the August 23, 2018 letter, the court notes that this letter did not identify any specific products alleged to infringe, nor did it include any charts identifying the purported infringement.").

Enovsys's Pre-suit Letters ███████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████

6

███████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████ This is insufficient to support a plausible claim that Verizon knew its customers infringed before the Asserted Patents expired. Accordingly, Enovsys's indirect infringement claims under § 271(b) and (c) should be dismissed.

       **3.**       **No specific intent to encourage infringement**.

Specific intent to cause infringement is a required element of induced infringement under § 271(b). "The intent element of induced infringement requires that the accused inducer specifically intends for its customers to infringe the asserted patents; it is not enough that an accused inducer merely intends to cause others to perform certain acts which are ultimately found to infringe." *Stragent, LLC v. BMW of N. Am., LLC*, 2017 U.S. Dist. LEXIS 156084, at *22 (E.D. Tex. Mar. 3, 2017) (citing *Global-Tech*, 563 U.S. at 766). Enovsys has not pleaded facts plausibly showing that Verizon specifically intended for its customers to infringe the Asserted Patents.

Enovsys alleges on information and belief that "Verizon through at least its website at https://www.verizonwireless.com, its online user manuals, marketing materials, and help materials actively induced its customers to infringe." Dkt. 1, ¶¶ 46, 59, 72, 85. However, these generic allegations regarding Verizon's website and product documentation—████████████ ████████████████████████████████—do not plausibly show intent to induce infringement. Notably, Enovsys fails to allege any facts showing that Verizon's website and product documentation direct customers to use the accused products in an infringing manner.

---

[3] LBS is "a general term denoting software services which use geographic data and information to provide services or information to users." https://en.wikipedia.org/wiki/Location-based_service.

Even as to the '159 patent, ███████████████████████████████████
███████████████████████ This is insufficient.

Enovsys's generic allegations of intent are no more plausible than those in other cases where this Court has dismissed induced infringement claims. *See, e.g.*, *Stragent*, 2017 U.S. Dist. LEXIS 156084, at *25 ("Stragent only alleges generic statements that the Defendants provide customers with infringing devices along with instructions."); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 2015 U.S. Dist. LEXIS 107354, at *13 (E.D. Tex. Jul. 15, 2015) ("[G]eneric allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim."); *Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*, 2014 U.S. Dist. LEXIS 184564, at *11 (E.D. Tex. Feb. 7, 2014) ("AVS does not allege that the 'detailed explanations, instructions, and information' directed customers to act in an infringing manner."); *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, 2013 U.S. Dist. LEXIS 187806, at *11 (E.D. Tex. Feb. 7, 2013) ("USEI's allegations that Yamaha 'supplies' infringing systems and components and provides 'instructions' to its customers who allegedly infringe do not create a reasonable inference of inducement."). Accordingly, for this reason also, the Court should dismiss Enovsys's claims of induced infringement under § 271(b).

### 4. Substantial non-infringing uses.

To state a claim for contributory infringement under § 271(c), "a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). In this context, "a substantial non-infringing use is

8

any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *Id.* (quoting *Vita-Mix*, 581 F.3d at 1327-29).

If the complaint alleges facts showing that the accused components ***do*** have a substantial non-infringing use, the contributory infringement claim must be dismissed. *See id.* at 1339 (affirming dismissal of contributory infringement claims where complaint alleged facts demonstrating the existence of a substantial non-infringing use); *Avocent Huntsville, LLC v. ZPE Sys.*, 2018 U.S. Dist. LEXIS 47655 *58-61 (N.D. Cal. Mar. 21, 2018) (same); *NobelBiz, Inc. v. InsideSales.com, Inc.*, 6:13-cv-360-MHS, Dkt. 32, at 5 (E.D. Tex. Oct. 12, 2014) (same).

Enovsys's allegations demonstrate that the accused components supplied by Verizon to its customers do have substantial non-infringing uses. For example, Enovsys relies heavily on an April 19, 2011, letter from Verizon Wireless to the United States House of Representatives, a copy of which is attached as Exhibit F to the Complaint. Dkt. 1-6 (Ex. F). Enovsys relies on Exhibit F throughout its infringement allegations and claim charts. *See, e.g.*, Dkt. 1, ¶¶ 32, 35, 50, 63, 76, 89 (citing Exhibit F). One part of Exhibit F that Enovsys quotes in its infringement claim charts explains that Verizon's location-based services are optional functionality that customers must affirmatively turn on in order to use:

> For example, we require that Verizon Wireless location based services are always turned off when the device is sold to the customer. This requires customers to affirmatively turn their location settings on by checking a box before any Verizon Wireless applications and services (or third-party applications and services) can use Verizon Wireless offered location-based services on devices. Customers can always revisit the location settings screen to review and change their selections.

Dkt. 1, ¶¶ 63, 76, 89 (quoting Exhibit F (Dkt. 1-6) at 4). In other words, according to Enovsys's own Complaint, the accused components that Verizon provides to its customers are non-infringing by default and are only capable of the alleged infringement if customers affirmatively

9

enable optional functionality. This easily satisfies the definition of a substantial non-infringing use. Consequently, all of Enovsys's contributory infringement claims should be dismissed.

### C. Enovsys Fails To State A Plausible Claim Of Willful Infringement

Enovsys alleges that Verizon's infringement of each asserted patent "is willful" and requests an award of enhanced damages under 35 U.S.C. § 284. Dkt. 1, ¶¶ 52, 65, 78, 91, Prayer for Relief at 2. To state a claim of willful infringement, a plaintiff must allege facts plausibly showing that the accused infringer knew of the patent and, after acquiring that knowledge, deliberately or intentionally infringed the patent. *See Bayer HealthCare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) ("Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement."). Enovsys's willful infringement claims fail to meet this standard and should be dismissed.

#### 1. No knowledge of the '273, '188, and '078 patents.

Enovsys's willful infringement claims for the '273, '188, and '078 patents should be dismissed because the Complaint does not plead facts plausibly showing that Verizon knew of these patents, all of which expired years before the Complaint was filed. As explained above, the Pre-suit Letters ███████████████████████████████████████████████

███████. Nor does the Complaint allege willful blindness or any facts showing that Verizon took "deliberate actions to avoid learning of" these patents. *Global-Tech*, 563 U.S. at 769.

#### 2. No deliberate or intentional infringement.

Additionally, Enovsys's willful infringement claims for all Asserted Patents should be dismissed because the Complaint fails to allege facts that plausibly show Verizon committed "deliberate or intentional infringement." *Bayer*, 989 F.3d at 988.

The Pre-suit Letters do not support an inference that Verizon committed deliberate or intentional infringement, even as to the '159 patent. The 2001 letter ▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. 1-7 (Ex. G). The 2010 letter ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. 1-8 (Ex. H) (emphasis added). Nor is there any allegation that Enovsys sent Verizon the infringement claim charts provided in the Complaint, or the documents cited in those claim charts, at any time before expiration of the Asserted Patents.

Allegations of knowledge and infringement alone are insufficient to state a claim of willful infringement. *See Longhorn Vaccines & Diagnostics & Diagnostics, LLC v. Spectrum Sols. LLC*, 2021 U.S. Dist. LEXIS 182717, at *31–32, __ F. Supp. 3d __ (D. Utah Sep. 23, 2021) (dismissing claims of pre-filing willful infringement and rejecting plaintiff's argument that allegations of knowledge and infringement are sufficient to support an inference of willfulness); *Fractus, S.A. v. TCL Corp. et al.*, 2021 U.S. Dist. LEXIS 114011, at *11–12 (E.D. Tex. Jun. 2, 2021) (same).

This Court's recent decision is *Fractus* is on point. In *Fractus*, the plaintiff alleged the following in support of its claims of pre-suit willful infringement of expired patents:

> Fractus first noticed TCL via two letters in November of 2015. The letters informed TCL that Fractus believed that TCL was infringing its patents. The letters provided a full list of Fractus's patent portfolio, and specifically identified certain TCL products and Fractus patents that those products were infringing as examples, including several of the Patents-in-Suit. One letter was sent to Mr. Qiulin Luo, the Director, IP Center, TCL Corp., and the other letter was sent to Mr. Stephen Chiang, VP and General Counsel, TCL Corp.

*Id.*, at *12. This Court dismissed the willful infringement claims because, "[w]hile this paragraph does allege notice (and therefore knowledge) of the patents-in-suit, it does not allege any culpable conduct or any set of facts supporting an inference of culpable conduct." *Id.* Enovsys's

11

willful infringement claims are even less plausible and should likewise be dismissed. There are no alleged facts that plausibly show Verizon committed deliberate or intentional infringement.

## IV. CONCLUSION

Verizon respectfully requests that the Court dismiss Enovsys's claims of indirect infringement, its claims of willful infringement, and its willfulness-based request for enhanced damages under 35 U.S.C. § 284.

Dated: November 4, 2021                          Respectfully submitted,

By: /s/ *Geoffrey M. Godfrey, with permission by Michael E. Jones*
Geoffrey M. Godfrey
Erin Kolter (*pro hac vice*)
Janelle Luceria Elysee (*pro hac vice*)
DORSEY & WHITNEY LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Phone: (206) 903-8800
Fax: (206) 903-8820
godfrey.geoff@dorsey.com
kolter.erin@dorsey.com
elysee.janelle@dorsey.com

Melonie S. Jordan (*pro hac vice*)
DORSEY & WHITNEY LLP
Plaza Tower
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Phone: (714) 800-1400
Fax: (714) 800-1499
jordan.melonie@dorsey.com

Michael E. Jones
POTTER MINTON, P.C.
110 North College Avenue, Suite 500
Tyler, TX 75702
Phone: (903) 597-8311
Fax: (903) 593-0846
mikejones@potterminton.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on November 4, 2021.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on November 4, 2021.

*/s/ Michael E. Jones*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the foregoing document is authorized to be filed under seal pursuant to the Unopposed Motion for Leave to File Under Seal filed concurrently in this case.

*/s/ Michael E. Jones*