# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

|  |  |
|---|---|
| ENOVSYS LLC, | |
| Plaintiff, | Case No. 2:21-cv-00315-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| VERIZON COMMUNICATIONS, INC., VERIZON BUSINESS NETWORK SERVICES, INC., VERIZON ENTERPRISE SOLUTIONS, LLC, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, INC., VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL, LLC, and VERIZON SERVICES CORP., | |
| Defendants. | |

## DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Cellco Partnership d/b/a Verizon Wireless ("Defendant" or "Verizon"),[1] by and through its undersigned counsel, hereby answers the Amended Complaint (Dkt. 35) filed by Plaintiff Enovsys LLC ("Enovsys"). Verizon specifically denies all allegations not expressly admitted below.

### THE PARTIES[2]

1.      Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

---

[1] Cellco Partnership d/b/a Verizon Wireless, Inc. is the only defendant named in Plaintiff's Amended Complaint, and was incorrectly named. The correct name of this entity is "Cellco Partnership d/b/a Verizon Wireless." Plaintiff has moved to amend the case caption (Dkt. 43).

[2] For convenience and clarity, Verizon's Answer repeats the same headings used in the amended complaint. In so doing, Verizon does not admit any allegations contained in those headings.

2.      Verizon admits the allegations in paragraph 2 as to Cellco Partnership d/b/a Verizon Wireless.

## JURISDICTION AND VENUE

3.      Verizon admits that the complaint purports to bring an action that arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, but denies that Verizon has committed any act of patent infringement.

4.      To the extent the allegations in paragraph 4 call for a legal conclusion, no response is required. To the extent a response is required, for purposes of this action only, Verizon admits that this Court has federal question jurisdiction. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 4.

5.      To the extent the allegations in paragraph 5 call for a legal conclusion, no response is required. To the extent a response is required, for purposes of this action only, Verizon does not contest that this Court has personal jurisdiction over Cellco Partnership d/b/a Verizon Wireless. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 5.

6.      To the extent the allegations in paragraph 6 call for a legal conclusion, no response is required. To the extent a response is required, for purposes of this action only, Verizon does not contest that venue is proper in this Court as to Cellco Partnership d/b/a Verizon Wireless, although Verizon contends that the Central District of California would be a more convenient venue for the parties and witnesses. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 6.

**BACKGROUND FACTS**

**ENOVSYS AND ITS INTELLECTUAL PROPERTY**

7.      Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies them.

8.      Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies them.

9.      Verizon admits that Exhibit A purports to be a copy of the '273 patent issued April 12, 2011, to named inventors Mundi Fomukong and Denzil Willoughby Chesney. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore denies them.

10.      Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies them.

11.      Verizon admits that Exhibit B purports to be a copy of the '078 patent issued April 22, 2014, to named inventors Mundi Fomukong and Denzil Willoughby Chesney. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11, and therefore denies them.

12.      Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.

13.      Verizon admits that Exhibit C purports to be a copy of the '159 patent issued June 29, 1999, to named inventors Mundi Fomukong and Denzil Chesney. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore denies them.

14.      Verizon is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 14, and therefore denies them.

15.     Verizon admits that Exhibit D purports to be a copy of the '188 patent issued June 5, 2012, to named inventors Mundi Fomukong and Denzil Willoughby Chesney. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and therefore denies them.

16.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

17.     Verizon admits that Exhibit P purports to be a copy of the '461 patent issued May 6, 2003, to named inventors Mundi Fomukong and Denzil Willoughby Chesney. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17, and therefore denies them.

18.     To the extent the allegations in paragraph 18 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the allegations in paragraph 18.

19.     To the extent the allegations in paragraph 19 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the allegations in paragraph 19.

20.     To the extent the allegations in paragraph 20 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the allegations in paragraph 20.

21.     To the extent the allegations in paragraph 21 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the allegations in paragraph 21.

22.     To the extent the allegations in paragraph 22 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the allegations in paragraph 22.

23.     Verizon admits that the complaint purports to refer to the '273 patent, the '159 patent, the '188 patent, the '461 patent, and the '078 patent as the "Asserted Patents" or "Patents-In-Suit."

24.     Verizon denies the allegations in paragraph 24.

25.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

26.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies them.

**VERIZON AND ITS LOCATION BASED SERVICE OFFERINGS**

27.     Verizon admits that it is a leading provider of telecommunications services in the United States serving millions of wireless customers in the United States. Verizon admits that Exhibit E purports to be a document available at https://opendevelopment.verizonwireless.com/content/dam/opendevelopment/pdf/LBSaGPS4GS UPLFeatureOverview.pdf. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 27.

28.     Verizon admits that Exhibit F purports to be a copy of a letter dated April 19, 2011, from Peter B. Davidson to The Honorable Joe Barton and The Honorable Edward J. Markey. To the extent paragraph 28 accurately quotes from Exhibit F, Verizon admits that Exhibit F includes the quoted language. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 28.

29.     Verizon admits that it has offered wireless location based services and services called Family Locator and Smart Family. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 29.

30.     Verizon admits that it has offered smartphones and other devices that can use wireless location based services. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 30.

31.     To the extent paragraph 31 accurately quotes from Exhibit F, Verizon admits that Exhibit F includes the quoted language. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 31.

32.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies them.

33.     Verizon admits that in general subscribers must opt in to use wireless location based services and may later disable those services by changing device settings. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 33.

34.     Verizon denies the allegations in paragraph 34.

35.     Verizon admits that Exhibit G purports to be a copy of a letter dated October 3, 2001. Verizon admits that Exhibit H purports to be a copy of a letter dated February 22, 2010. Verizon admits that Exhibits G and H identify the '159 patent. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 35.

36.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies them.

37.     To the extent paragraph 37 accurately quotes from Exhibit F, Verizon admits that Exhibit F includes the quoted language. Except as expressly admitted, Verizon is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore denies them.

38.     To the extent paragraph 38 accurately quotes from Exhibit F, Verizon admits that Exhibit F includes the quoted language. Except as expressly admitted, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies them.

39.     To the extent paragraph 39 accurately quotes from Exhibit F, Verizon admits that Exhibit F includes the quoted language. Except as expressly admitted, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore denies them.

40.     To the extent paragraph 40 accurately quotes from Exhibit F, Verizon admits that Exhibit F includes the quoted language. Except as expressly admitted, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore denies them.

41.     Verizon admits that Exhibit L purports to be an excerpt from a webpage currently available at the recited URL. To the extent paragraph 41 accurately quotes from Exhibit L, Verizon admits that Exhibit L includes the quoted language. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore denies them.

42.     To the extent paragraph 42 accurately quotes from Exhibit E, Verizon admits that Exhibit E includes the quoted language. Except as expressly admitted, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore denies them.

43.     Verizon admits that Exhibits I purports to be a document currently available at the recited URL. Verizon admits that Exhibit O purports to be a screenshot of a webpage currently available at the recited URL. Except as expressly admitted, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies them.

44.     Verizon admits that Exhibit N purports to be an excerpt from a webpage currently available at the recited URL. To the extent paragraph 44 accurately quotes from Exhibit N, Verizon admits that Exhibit N includes the quoted language. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore denies them.

45.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore denies them.

46.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies them.

47.     Verizon denies the allegations in paragraph 47.

**FIRST CAUSE OF ACTION:**

**INFRINGEMENT OF U.S. PATENT SERIAL NO. 7,925,273**

48.     Verizon restates and incorporates by reference its responses above.

49.     To the extent the allegations in paragraph 49 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the allegations in paragraph 49.

50.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies them.

51.     Verizon denies the allegations in paragraph 51.

52.     Verizon denies the allegations in paragraph 52.

53.     Verizon denies the allegations in paragraph 53.

54.     Verizon denies the allegations in paragraph 54.

55.     Verizon denies the allegations in paragraph 55.

56.     Verizon denies the allegations in paragraph 56.

57.     To the extent paragraph 57 accurately quotes from documents, Verizon admits that those documents include the quoted language. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 57.

58.     Verizon denies the allegations in paragraph 58.

59.     Verizon denies the allegations in paragraph 59.

60.     Verizon denies the allegations in paragraph 60.

## SECOND CAUSE OF ACTION:

## INFRINGEMENT OF U.S. PATENT SERIAL NO. 8,706,078

61.     Verizon restates and incorporates by reference its responses above.

62.     To the extent the allegations in paragraph 62 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the remaining allegations in paragraph 62.

63.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and therefore denies them.

64.     Verizon denies the allegations in paragraph 64.

65.     Verizon denies the allegations in paragraph 65.

66.     Verizon denies the allegations in paragraph 66.

67.     Verizon denies the allegations in paragraph 67.

68.     Verizon denies the allegations in paragraph 68.

69.     Verizon denies the allegations in paragraph 69.

70.     To the extent paragraph 70 accurately quotes from documents, Verizon admits that those documents include the quoted language. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 70.

71.     Verizon denies the allegations in paragraph 71.

72.     Verizon denies the allegations in paragraph 72.

73.     Verizon denies the allegations in paragraph 73.

## THIRD CAUSE OF ACTION:

## INFRINGEMENT OF U.S. PATENT SERIAL NO. 5,918,159

74.     Verizon restates and incorporates by reference its responses above.

75.     To the extent the allegations in paragraph 75 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the remaining allegations in paragraph 75.

76.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore denies them.

77.     Verizon denies the allegations in paragraph 77.

78.     Verizon denies the allegations in paragraph 78.

79.     Verizon denies the allegations in paragraph 79.

80.     Verizon denies the allegations in paragraph 80.

81.     Verizon denies the allegations in paragraph 81.

82.     Verizon denies the allegations in paragraph 82.

83.     To the extent paragraph 83 accurately quotes from documents, Verizon admits that those documents include the quoted language. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 83.

84.     Verizon denies the allegations in paragraph 84.

85.     Verizon denies the allegations in paragraph 85.

86.     Verizon denies the allegations in paragraph 86.

## FOURTH CAUSE OF ACTION:

## INFRINGEMENT OF U.S. PATENT SERIAL NO. 8,915,188

87.     Verizon restates and incorporates by reference its responses above.

88.     To the extent the allegations in paragraph 88 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the remaining allegations in paragraph 88.

89.     Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 and therefore denies them.

90.     Verizon denies the allegations in paragraph 90.

91.     Verizon denies the allegations in paragraph 91.

92.     Verizon denies the allegations in paragraph 92.

93.     Verizon denies the allegations in paragraph 93.

94.     Verizon denies the allegations in paragraph 94.

95.     Verizon denies the allegations in paragraph 95.

96.     To the extent paragraph 96 accurately quotes from documents, Verizon admits that those documents include the quoted language. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 96.

97.     Verizon denies the allegations in paragraph 97.

98.     Verizon denies the allegations in paragraph 98.

99.     Verizon denies the allegations in paragraph 99.

**FIFTH CAUSE OF ACTION:**

**INFRINGEMENT OF U.S. PATENT SERIAL NO. 6,560,461**

100.    Verizon restates and incorporates by reference its responses above.

101.    To the extent the allegations in paragraph 101 call for a legal conclusion, no response is required. To the extent a response is required, Verizon denies the remaining allegations in paragraph 101.

102.    Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore denies them.

103.    Verizon denies the allegations in paragraph 103.

104.    Verizon denies the allegations in paragraph 104.

105.    Verizon denies the allegations in paragraph 105.

106.    Verizon denies the allegations in paragraph 106.

107.    Verizon denies the allegations in paragraph 107.

108.    Verizon denies the allegations in paragraph 108.

109.    To the extent paragraph 109 accurately quotes from documents, Verizon admits that those documents include the quoted language. Except as expressly admitted, Verizon denies the remaining allegations in paragraph 109.

110.    Verizon denies the allegations in paragraph 110.

111.    Verizon denies the allegations in paragraph 111.

112.    Verizon denies the allegations in paragraph 112.

## PRAYER FOR RELIEF

Verizon denies that Enovsys is entitled to any relief and denies any allegations in Enovsys's Prayer for Relief.

## JURY DEMAND

This section of the complaint does not contain any allegations that require a response.

## <u>AFFIRMATIVE DEFENSES</u>

Enovsys's claims are barred in whole or in part by the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Enovsys's complaint, on one or more claims for relief set forth therein, fails to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Infringement)

Verizon has not infringed in any manner under 35 U.S.C. § 271 the asserted claims of the '273 patent, the '078 patent, the '159 patent, the '188 patent, or the '461 patent.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

The asserted claims of the '273 patent, the '078 patent, the '159 patent, the '188 patent, and the '461 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the doctrine of non-statutory double patenting.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, Estoppel)

Enovsys's claims against Verizon are barred at least in part by the doctrines of waiver, acquiescence, and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

Enovsys's request for damages is barred at least in part under 35 U.S.C. §§ 286 and 287.

## SIXTH AFFIRMATIVE DEFENSE

### (No Enhanced Damages)

Enovsys's request for enhanced damages under 35 U.S.C. § 284 is barred at least because Enovsys cannot establish willful infringement by Verizon, or that this case involves egregious misconduct beyond typical alleged infringement.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Attorney Fees)

Enovsys's request for attorney fees is barred at least because Enovsys cannot meet the requirements of 35 U.S.C. § 285.

## EIGHTH AFFIRMATIVE DEFENSE

### (Limitation on Costs)

Enovsys's request for costs is barred at least in part under 35 U.S.C. § 288.

## RESERVATION OF AFFIRMATIVE DEFENSES

Verizon expressly reserves all affirmative defenses under Fed. R. Civ. P. 8(c), the patent laws of the United States, and any other defenses at law or in equity that may now exist or in the future be available based on discovery and further factual investigation of the case.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Cellco Partnership d/b/a Verizon Wireless ("Verizon") alleges the following Counterclaims against Enovsys:

### NATURE OF THE ACTION

1.      These Counterclaims arise from Enovsys's allegations of infringement against Verizon.

2.      According to the allegations set forth in the complaint, Enovsys claims to be the owner of all rights, titles, and interests to the '273 patent, the '078 patent, the '159 patent, the '188 patent, and the '461 patent including the rights to sue and recover for infringement.

3.      Enovsys has accused Verizon of infringing one or more claims of each of the '273 patent, the '078 patent, the '159 patent, the '188 patent, and the '461 patent. Verizon denies that it has infringed any valid and enforceable claim of the '273 patent, the '078 patent, the '159 patent, the '188 patent, and the '461 patent.

4.      Enovsys has filed this lawsuit against Verizon alleging infringement. Thus, an actual case and controversy exists between the parties concerning the infringement of one or more claims of the '273 patent, the '078 patent, the '159 patent, the '188 patent, and the '461 patent and that controversy is ripe for the adjudication by this Court.

### JURISDICTION AND VENUE

5.      These are Counterclaims for a declaration of non-infringement and invalidity of the claims of the '273 patent, the '078 patent, the '159 patent, the '188 patent, and the '461 patent. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201. This Court also has personal jurisdiction over Enovsys because

Enovsys has already submitted to the jurisdiction of this judicial district by initiating the instant lawsuit.

6.      Venue for these Counterclaims is legally proper in this District pursuant to at least 28 U.S.C. §§ 1367 and 1391.

### PARTIES

7.      Counterclaim-Plaintiff Cellco Partnership d/b/a Verizon Wireless is a Delaware partnership with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

8.      According to the allegations in paragraph 1 of the amended complaint, Counterclaim-Defendant Enovsys is a California limited liability company having a place of business at 269 South Beverly Drive, Suite 951, Beverly Hills, CA 90212.

### FIRST COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 7,925,273)

9.      Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

10.      Verizon has not infringed in any manner under 35 U.S.C. § 271 any claim of the '273 patent.

11.      To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that it has not infringed in any manner under 35 U.S.C. § 271 any claim of the '273 patent.

## SECOND COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 7,925,273)

12.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

13.     One or more claims of the '273 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the doctrine of non-statutory double patenting.

14.     To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that the claims of the '273 patent are invalid.

## THIRD COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 8,706,078)

15.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

16.     Verizon has not infringed in any manner under 35 U.S.C. § 271 any claim of the '078 patent.

17.     To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that it has not infringed in any manner under 35 U.S.C. § 271 any claim of the '078 patent.

## FOURTH COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 8,706,078)

18.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

19.     One or more claims of the '078 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the doctrine of non-statutory double patenting.

20.     To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that the claims of the '078 patent are invalid.

## FIFTH COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 5,918,159)

21.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

22.     Verizon has not infringed in any manner under 35 U.S.C. § 271 any claim of the '159 patent.

23.     To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that it has not infringed in any manner under 35 U.S.C. § 271 any claim of the '159 patent.

## SIXTH COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 5,918,159)

24.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

25.     One or more claims of the '159 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the doctrine of non-statutory double patenting.

To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that the claims of the '159 patent are invalid.

## SEVENTH COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 8,195,188)

26.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

27.     Verizon has not infringed in any manner under 35 U.S.C. § 271 any claim of the '188 patent.

28.     To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that it has not infringed in any manner under 35 U.S.C. § 271 any claim of the '188 patent.

## EIGHTH COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 8,195,188)

29.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

30.     One or more claims of the '188 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the doctrine of non-statutory double patenting.

To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that the claims of the '188 patent are invalid.

## NINTH COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 6,560,461)

31.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

32.     Verizon has not infringed in any manner under 35 U.S.C. § 271 any claim of the '461 patent.

33.     To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that it has not infringed in any manner under 35 U.S.C. § 271 any claim of the '461 patent.

## TENTH COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 6,560,461)

34.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

35.     One or more claims of the '461 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the doctrine of non-statutory double patenting.

To resolve the legal and factual questions raised by Enovsys and to afford relief from the uncertainty and controversy that Enovsys's accusations have precipitated, Verizon is entitled to a declaratory judgment under 28 U.S.C. § 2201 *et seq.* that the claims of the '461 patent are invalid.

## PRAYER FOR RELIEF

WHEREAS, Verizon requests that this Court enter a judgment in its favor and against Enovsys as follows:

1.     Dismiss the amended complaint in its entirety, with prejudice;

2.     Enter judgment in favor of Verizon and against Enovsys;

3.     Declare that Verizon has not infringed the claims of the '273 patent, the '078 patent, the '159 patent, the '188 patent, and the '461 patent;

4.     Declare that the claims of the '273 patent, the '078 patent, the '159 patent, the '188 patent, and the '461 patent are invalid;

5.      Declare that this is an exceptional case under 35 U.S.C. § 285 and award Verizon

its costs (including expert fees), expenses, disbursements, and attorneys' fees incurred in this

action; and

6.      Grant such further relief to Verizon as is just and proper.

Dated: November 26, 2021                    Respectfully submitted,

                                            By: */s/ Geoffrey M. Godfrey*
                                            Geoffrey M. Godfrey
                                            Erin Kolter (*pro hac vice*)
                                            Janelle Luceria Elysee (*pro hac vice*)
                                            DORSEY & WHITNEY LLP
                                            Columbia Center
                                            701 Fifth Avenue, Suite 6100
                                            Seattle, WA 98104-7043
                                            Phone: (206) 903-8800
                                            Fax: (206) 903-8820
                                            godfrey.geoff@dorsey.com
                                            kolter.erin@dorsey.com
                                            elysee.janelle@dorsey.com

                                            Melonie S. Jordan (*pro hac vice*)
                                            DORSEY & WHITNEY LLP
                                            Plaza Tower
                                            600 Anton Boulevard, Suite 2000
                                            Costa Mesa, CA 92626
                                            Phone: (714) 800-1400
                                            Fax: (714) 800-1499
                                            jordan.melonie@dorsey.com

                                            Michael E. Jones
                                            POTTER MINTON, P.C.
                                            110 North College Avenue, Suite 500
                                            Tyler, TX 75710
                                            Phone: (903) 597-8311
                                            Fax: (903) 593-0846
                                            mikejones@potterminton.com

                                            *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 26, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Geoffrey M. Godfrey*
Geoffrey M. Godfrey