# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENOVSYS LLC, <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC., VERIZON BUSINESS NETWORK SERVICES, INC., VERIZON ENTERPRISE SOLUTIONS, LLC, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, INC., VERIZON DATA SERVICES LLC, VERIZON BUSINESS GLOBAL, LLC, and VERIZON SERVICES CORP., <br><br> Defendants. | Case No. 2:21-cv-00315-JRG-RSP <br><br> JURY TRIAL DEMANDED |

**REPLY BRIEF IN SUPPORT OF DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

I. Verizon moved to dismiss for all five asserted patents........................................................ 1

II. Enovsys failed to plead facts showing Verizon knew of the '273, '188, and '078 patents before they expired (Dkt. 45, III.B.1 and III.C.1). .................................................. 1

III. Enovsys failed to plead facts showing Verizon knew of the alleged infringement before the asserted patents expired (Dkt. 45, III.B.2). ......................................................... 3

IV. Enovsys failed to plead facts showing Verizon specifically intended to encourage the alleged infringement before the asserted patents expired (Dkt. 45, III.B.3). ................. 4

V. Enovsys pleaded facts showing a substantial non-infringing use that negates any alleged contributory infringement of the asserted patents (Dkt. 45, III.B.4). ...................... 5

VI. Enovsys failed to plead facts showing Verizon committed any deliberate or intentional infringement of the asserted patents (Dkt. 45, III.C.2). ..................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bayer HealthCare LLC v. Baxalta Inc.*,
    989 F.3d 964 (Fed. Cir. 2021)...............................................................................................5

*Cywee Group Ltd. v. Huawei Device Co. Ltd.*, 2018 U.S. Dist. LEXIS 135491
    (E.D. Tex. Aug. 10, 2018) ....................................................................................................4

*Fractus, S.A. v. TCL Corp. et al.*,
    2021 U.S. Dist. LEXIS 114011 (E.D. Tex. Jun. 2, 2021)......................................................5

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016).......................................5

*i4i Limited Partnership v. Microsoft Corp.*, 670 F.Supp.2d 568 (E.D. Tex. 2009).........................5

*In re Bill of Lading Transmission & Processing Sys. Patent Lit.*, 681 F.3d 1323
    (Fed. Cir. 2012).....................................................................................................................4

*Longhorn Vaccines & Diagnostics & Diagnostics, LLC v. Spectrum Sols. LLC*,
    2021 U.S. Dist. LEXIS 182717, __ F. Supp. 3d __ (D. Utah Sep. 23, 2021)........................5

*Maxell Ltd. v. Apple Inc.*, 2019 U.S. Dist. LEXIS 227275 (E.D. Tex. Oct. 23,
    2019) .....................................................................................................................................3

*Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d at 819 (E.D. Tex. 2019)...............................4

*Opticurrent, LLC v. Power Integrations, Inc.*, 2016 U.S. Dist. LEXIS 194970
    (E.D. Tex. Oct. 19, 2016)......................................................................................................4

*Pers. Audio, LLC v. Google, Inc.*, 2017 WL 4837853 (E.D. Tex. May 15, 2017) .........................4

*Ricoh Company, Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325 (Fed. Cir. 2008).........................5

*State Indus. v. A.O. Smith Corp.*, 751 F.2d 1226 (Fed. Cir. 1985) .................................................3

*Swipe Innovations, LLC v. Ingenico Corp.*, 2013 U.S. Dist. LEXIS 202999 (E.D.
    Tex. Jan. 3, 2013)..................................................................................................................4

*SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365 (Fed. Cir. 2013)............................................3

*SynQor, Inc. v. Artesyn Techs., Inc.*, 2011 U.S. Dist. LEXIS 91668 (E.D. Tex.
    Aug. 17, 2011) ......................................................................................................................3

*ZiiLabs Inc. v. Samsung Elec. Co. Ltd.*, 2015 U.S. Dist. LEXIS 39810 (E.D. Tex.
    Mar. 30, 2015).......................................................................................................................4

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") submits this reply brief in support of its motion (Dkt. 45) for an order dismissing the claims of indirect and willful infringement in Plaintiff Enovsys LLC's ("Enovsys") amended complaint (Dkt. 35).

### I. Verizon moved to dismiss for all five asserted patents.

Verizon's motion seeks dismissal of Enovsys's indirect and willful infringement claims for all five asserted patents. This is expressly stated throughout Verizon's opening brief. Dkt. 45, at 1, 6, 8-9, 11-13. While Verizon's lack of knowledge of patents argument (Dkt. 45, III.B.1 and III.C.1) applies to the '273, '188, and '078 patents only, Verizon's other arguments (Dkt. 45, III.B.2-4 and III.C.2) apply to all five patents, as does its request for relief (Dkt. 45, I and IV).

In its opposition brief, Enovsys repeatedly mischaracterizes Verizon's motion as concerning only the '273, '188, and '078 patents, and limits its arguments to those three patents. *See, e.g.*, Dkt. 53, at 1, 3, 8, 9, 10, 12. To the extent Enovsys is withholding arguments concerning the other two asserted patents for its sur-reply brief, that is improper under Local Rule CV-7(f) and those arguments should be disregarded.

### II. Enovsys failed to plead facts showing Verizon knew of the '273, '188, and '078 patents before they expired (Dkt. 45, III.B.1 and III.C.1).

It is beyond dispute that the letters Enovsys allegedly sent to Verizon in 2001 and 2010 ("Pre-suit Letters") do not identify the '273, '188, and '078 patents—not even indirectly or implicitly. Dkt. 35-7 (Ex. G); Dkt. 35-8 (Ex. H). Enovsys argues that the 2001 letter "mention[s] a continuation patent application to the '159 patent." Dkt. 53, at 5. That is incorrect. The 2001 letter references a "continuation in part application," not a continuation. Dkt. 35-7 (Ex. G). Verizon previously showed that this "continuation in part application" issued as the '461 patent, whereas the '273, '188, and '078 patents did not issue from continuation in part applications and were not pending in 2001. Dkt. 45, at 4-5. Enovsys fails to address this in its opposition brief.

1

Enovsys argues that Exhibit G shows the named inventor discussed "the patented technology" with Verizon in 2001 and 2002. Dkt. 53, at 5-6. But whatever might have been discussed in 2001 and 2002, it could not have been the '273, '188, and '078 patents because their applications were not filed until 2003, 2007, and 2012, and the patents themselves issued years later.[1] Dkt. 45, at 4-5. Enovsys's argument cannot be reconciled with cases Verizon previously cited, which hold that indirect and willful infringement require actual knowledge of the issued patent. Dkt. 45, at 5-6. Enovsys fails to address any of these cases in its opposition brief.

According to Enovsys, "[t]he Complaint includes allegations that . . . during Verizon's development they would have found the '273, '188, and '078 patents based on their relationship to the '159 patent." Dkt. 45, at 4. However, the amended complaint does ***not*** include any such allegations, which explains why Enovsys did not cite to any paragraph of the amended complaint in its brief. Similarly, the amended complaint does not include any allegations supporting Enovsys's attorney argument that "Verizon would have been motivated to continue researching available inventions and patents beyond the 2001 and 2010 timeframe [of the Pre-suit letters] because Verizon continued to develop their systems." Dkt. 53, at 6. Nor has Enovsys identified any case in which similar allegations were actually made and a court found them sufficient to support a plausible inference of knowledge for an indirect or willful infringement claim.

Enovsys argues that if Verizon had searched for patent applications not listed in the 2010 letter, it could have found the applications that eventually issued as the '188 and '273 patents because those applications were pending in 2010. Dkt. 53, at 7. Again, this speculative argument is not supported by any allegations in the amended complaint. Moreover, it is legally flawed

---

[1] Exhibit G does not show what Enovsys claims in its brief. *E.g.*, Dkt. 53, at 8, 12. Regardless, this is irrelevant to knowledge of the '273, '188, and '078 patents for the same reason.

because "[k]nowledge of a patent application alone is insufficient to demonstrate knowledge of the later issued patent." *Maxell Ltd. v. Apple Inc.*, 2019 U.S. Dist. LEXIS 227275, at *12 (E.D. Tex. Oct. 23, 2019) (granting motion to dismiss claims of pre-suit indirect and willful infringement) (citing *State Indus. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985)).

Enovsys argues that its amended complaint "provides more than what was offered" to support a finding of actual pre-suit knowledge in *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365 (Fed. Cir. 2013). Dkt. 53, at 5. This is an overstatement by any standard. In *SynQor*, there was extensive evidence of actual pre-suit knowledge of the '190 patent to support the jury's indirect infringement verdict. Indeed, the district court's summary of this evidence spanned more than a dozen pages. *SynQor, Inc. v. Artesyn Techs., Inc.*, 2011 U.S. Dist. LEXIS 91668, at *11-35 (E.D. Tex. Aug. 17, 2011). There was evidence that two of the defendants "accessed, retrieved, and possessed the '190 patent before th[e] suit was filed." *Id.* at *14. There was also evidence showing "that SynQor's bus converters and datasheets are marked with its patents once they issue," and "that in the extremely competitive bus converter industry, it is common for the Defendants to understand each others' products and to review each others' datasheets." *Id.* at *12. The Federal Circuit reviewed this evidence and highlighted additional evidence showing that "'there was a significant effort by the Defendants in this case to cross/imitate SynQor's products,' and that those efforts would have exposed Defendants to SynQor's patents." *SynQor*, 709 F.3d at 1380. The allegations in Enovsys's amended complaint come nowhere close to what was shown in *SynQor*—especially as to the '273, '188, and '078 patents, which aren't even identified in Enovsys's knowledge allegations. *See* Dkt. 35, ¶¶ 35, 58, 71, 97.

### III.    Enovsys failed to plead facts showing Verizon knew of the alleged infringement before the asserted patents expired (Dkt. 45, III.B.2).

The amended complaint fails to plead facts plausibly showing that Verizon knew its

3

customers allegedly infringed the asserted patents before they expired. It is undisputed that the asserted patents expired before this case was filed. It is also undisputed that the Pre-suit Letters do not make any unequivocal allegation of infringement, do not include patent infringement claim charts or identify any specific Verizon accused products, and do not cite any of the Verizon documents referenced in the amended complaint. Dkt. 45, at 6-8. Enovsys fails to address these facts in its opposition brief.

The cases Enovsys cites[2] are irrelevant because Verizon is not arguing that the amended complaint fails to identify a specific direct infringer or describe any allegedly infringing activity. Verizon's point is that none of the information in the amended complaint describing the alleged infringement by customers was ever communicated to Verizon before the asserted patents expired. This information is not in the Pre-suit Letters, and there is no other basis to infer Verizon had knowledge of these allegations at the relevant time.

### IV. Enovsys failed to plead facts showing Verizon specifically intended to encourage the alleged infringement before the asserted patents expired (Dkt. 45, III.B.3).

Verizon showed that the intent allegations in the amended complaint are no more plausible than those in other cases where this Court dismissed induced infringement claims. Dkt. 45, at 8-9. Enovsys fails to address any of those cases in its opposition brief.

Enovsys instead argues that its generic intent allegations are comparable to those deemed sufficient in *Cywee*, *Swipe*, and *Motiva*. Dkt. 53, at 9-10. Enovsys's argument fails because *Cywee*, *Swipe*, and *Motiva* involved claims of ***post***-suit inducement, for which allegations in the complaint were relevant to show intent to encourage future acts of infringement. Here, the allegations regarding Verizon's website and product documentation are not sufficient because the asserted patents expired years before the amended complaint was filed and the Pre-suit

---

[2] *See* Dkt. 53, at 8-9 (citing *Bill of Lading*, *Opticurrent*, *ZiiLabs*, and *Personal Audio*).

Letters did not include those allegations. *See* Dkt. 35-7 (Ex. G); Dkt. 35-8 (Ex. H).

### V. Enovsys pleaded facts showing a substantial non-infringing use that negates any alleged contributory infringement of the asserted patents (Dkt. 45, III.B.4).

According to the amended complaint, the accused devices Verizon provides to its customers are non-infringing by default and are only capable of the alleged infringement if customers affirmatively enable optional functionality or make a 911 call. Dkt. 45, at 9-11. This constitutes a substantial non-infringing use and requires dismissal of Enovsys's contributory infringement claims under the cases cited in Verizon's brief, which Enovsys fails to address. *Id.* *Ricoh* and *i4i* are inapposite because Enovsys's amended complaint does not allege that Verizon's accused devices contain any distinct and separate component used only to infringe. *See* Dkt. 35, ¶¶ 54, 67, 80, 93, 106.

### VI. Enovsys failed to plead facts showing Verizon committed any deliberate or intentional infringement of the asserted patents (Dkt. 45, III.C.2).

Enovsys does not address any of the facts or cases cited in Verizon's opening brief showing that the willful infringement claims should be dismissed for lack of deliberate or intentional infringement. Dkt. 45, at 12-13. Exhibits G and H do not show any deliberate or intentional infringement, nor do the boilerplate willfulness allegations in the amended complaint. Dkt. 35, ¶¶ 59, 72, 85, 98, 111. Enovsys has not shown that *Bayer*, *Fractus*, and *Longhorn*, cited in Verizon's opening brief, are in any way inconsistent with *Halo*. Dkt. 53, at 12.

\* \* \* \* \*

Verizon respectfully requests that the Court dismiss Enovsys's claims of indirect infringement, its claims of willful infringement, and its willfulness-based request for enhanced damages, for all five asserted patents in the amended complaint. Enovsys should not be allowed to amend for a third time at the pleadings stage of this case. The patents are expired and Enovsys does not have any new information that would enable it to cure the deficiencies identified above.

| | |
|---|---|
| Dated: December 17, 2021 | Respectfully submitted, |

By: */s/ Geoffrey M. Godfrey*
Geoffrey M. Godfrey
Erin Kolter (*pro hac vice*)
Janelle Luceria Elysee (*pro hac vice*)
DORSEY & WHITNEY LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Phone: (206) 903-8800
Fax: (206) 903-8820
godfrey.geoff@dorsey.com
kolter.erin@dorsey.com
elysee.janelle@dorsey.com

Melonie S. Jordan (*pro hac vice*)
DORSEY & WHITNEY LLP
Plaza Tower
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Phone: (714) 800-1400
Fax: (714) 800-1499
jordan.melonie@dorsey.com

Michael E. Jones
POTTER MINTON, P.C.
110 North College Avenue, Suite 500
Tyler, TX 75710
Phone: (903) 597-8311
Fax: (903) 593-0846
mikejones@potterminton.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Geoffrey M. Godfrey*
Geoffrey M. Godfrey