# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| ENOVSYS LLC,<br><br>    Plaintiff,<br><br> v<br><br>VERIZON COMMUNICATIONS, INC.,<br>VERIZON BUSINESS NETWORK<br>SERVICES, INC., VERIZON ENTERPRISE<br>SOLUTIONS, LLC, CELLCO PARTNERSHIP<br>D/B/A VERIZON WIRELESS, INC.,<br>VERIZON DATA SERVICES LLC, VERIZON<br>BUSINESS GLOBAL, LLC, and VERIZON<br>SERVICES CORP.,<br><br>    Defendant. | CASE NO. 2:21-CV-00315-JRG-RSP |

## VERIZON'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") submits this supplemental brief pursuant to the Court's June 19, 2022 Order, Dkt. 93. For the reasons provided below and in its prior submissions, Dkts. 79 and 90, Verizon requests the Court adopt its proposed constructions for the terms "preauthorized," "authorized," "at the network," "mobile remote unit," and "continuously tracked" as a matter of issue preclusion. Alternatively, Verizon requests the Court adopt its proposed constructions on the merits for the reasons explained in the claim construction orders and briefing in the AT&T case. *See* Dkts. 90-1, 79-2, 79-7, and 79-11.

Issue preclusion applies because (1) identical issues of claim construction were decided in the AT&T case, (2) these claim construction issues were vigorously litigated by Enovsys in the AT&T case, and (3) the AT&T court's claim constructions were a necessary part of the judgment, including the jury's findings that claims 1, 11, and 13 of the '461 patent are invalid for anticipation. *See* Dkt. 79 at 4-7, 16-21; Dkt. 90-1 at 6-13.

Regarding element (3), the AT&T court's claim constructions were necessary to the jury's anticipation findings because the claim terms at issue are recited in the claims that the jury found anticipated. *See* Dkt. 77-2 at claims 1, 11, 13. Claim construction is a first step in every anticipation analysis, and anticipation requires each and every claim limitation be disclosed in a prior art reference. *Rockwell Int'l Corp. v. United States*, 147 F.3d 1358, 1362-63 (Fed. Cir. 1998). The AT&T court instructed the jury that it must apply the court's claim constructions and accept those constructions as correct. Dkt. 79-1 at 56-57. The only reasonable interpretation of the jury's anticipation findings is that the jury applied the court's claim constructions and found that each and every claim limitation—as construed by the court—was disclosed in the prior art.[1]

---

[1] There is nothing inconsistent about the jury's finding that claim 28 was not anticipated. Claim 28 recites limitations not present in claims 1, 11, and 13, such as the "profile" limitations. *See* Dkt. 77-2 at claim 28 ("wherein at least a profile is maintained by the system, said profile

1

Accordingly, the AT&T court's claim constructions were necessary to the jury's anticipation findings.

The AT&T court's claim construction of "preauthorized" was also necessary to the Federal Circuit's Rule 36 affirmance. Envosys expressly challenged that issue on appeal and requested the Federal Circuit reverse the AT&T court's claim construction and remand the case for further proceedings. Dkt. 79-15 at 3. In affirming the judgment below, the Federal Circuit necessarily affirmed the disputed construction of "preauthorized." Were that not the case, the Federal Circuit would have remanded at least as to the invalidity of claims 1, 11, and 13 of the '461 patent, to provide Envosys an opportunity to defend the validity of those claims under a different construction so that they might be asserted in future proceedings. In other words, the Federal Circuit had to reach and affirm the AT&T court's construction of "preauthorized" in order to affirm the invalidity of claims 1, 11, and 13. Envosys's suggestion that the Federal Circuit could have affirmed the invalidity of these claims without reaching the issue of the meaning of "preauthorized"—Envosys's primary issue on appeal—is illogical and unsupported.

*Novartis Pharms. Corp. v. Abbott Labs.*, 375 F.3d 1328 (Fed. Cir. 2004), is distinguishable and does not control the application of issue preclusion in the present case. In *Novartis*, the jury in the prior case found non-infringement. Because non-infringement can be based on the absence of a single claim limitation in the accused instrumentality, often it is unclear whether a non-infringement finding is necessarily based on a particular claim limitation that recites a term construed by the court. In *Novartis*, for example, "[t]he verdict form on which

containing the identity of a preauthorized resource, identity of the first communication resource and a location access field indicating whether said preauthorized resource identified in the profile should be allowed/disallowed to access the location information of the first communication resource identified in said profile"). The jury could have found that the prior art did not disclose such additional limitation(s) and therefore claim 28 was not anticipated on this basis.

the jury indicated its decision did not require the jury to specify the one or more limitations in claim 1 that it found Abbott's product did not contain," and thus it was unclear whether the jury relied on a claim limitation that contained the term "lipophilic phase component" construed by the district court. *Id.* at 1334. The other cases Enovsys relies on also involved prior findings of non-infringement where it was similarly unclear which claim limitation(s) and non-infringement theories the jury relied on. *See United Access Techs., LLC v. CenturyTel Broadband Servs. LLC*, 778 F.3d 1327, 1331-34 (Fed. Cir. 2015); *Chrimar Sys. v. ADTRAN, Inc*., No. 6:15-cv-618-JRG-JDL, 2017 U.S. Dist. LEXIS 5659, at *14-15 (E.D. Tex. Jan. 13, 2017). The present case is different because, as explained above, the AT&T jury found anticipation. Because anticipation requires that the prior art disclose each and every limitation of a claim, that finding necessarily required the jury to have applied and relied on the AT&T court's claim constructions.

Enovsys attempts to impose a near impossible bar to the application of issue preclusion. Specifically, Enovsys argues that "Verizon would have to show that the prior court's adoption of AT&T's proposal instead of Enovsys's proposal was **'the dispositive element that proved necessary' to the jury's invalidity findings**." Dkt. 94 at 1-2 (emphasis added). But there is no support for such an exceedingly narrow interpretation of "necessary to the judgment"— especially not in the context of claim construction issue preclusion based on a judgment of anticipation. The *Salazar* decision Enovsys cites in its brief does not even address this issue. *See Salazar v. AT&T Mobility LLC*, No. 2:20-cv-00004-JRG, 2020 U.S. Dist. LEXIS 171135, at *16 (E.D. Tex. Sep. 18, 2020). Nor do Enovsys's other cited cases. The Court should reject Enovsys's unsupported and overly restrictive interpretation of the issue preclusion requirements.

In addition to being unsupported, Enovsys's position is inconsistent with cases where courts have applied issue preclusion to claim constructions from earlier cases involving invalidity determinations. For example, in *Mycogen Plant Sci., Inc. v. Monsanto Co.*, 252 F.3d

1306 (Fed. Cir. 2001), the Federal Circuit affirmed a district court's application of issue preclusion to claim constructions from a prior case in which the jury had invalidated related claims containing the disputed terms. *Id.* at 1310-12. The Federal Circuit found that the claim constructions were necessary to the judgment in the prior case without any consideration of whether the invalidity findings might have been different had the jury applied different claim constructions. *Id.*

Similarly, district courts addressing issue preclusion for claim construction have found the "necessary to the judgment" element satisfied where the prior case resulted in a judgment of invalidity or infringement as opposed to non-infringement. *See, e.g.*, *Golden Bridge Tech., Inc. v. Apple Inc.*, 937 F. Supp. 2d 490, 496 (D. Del. 2013) ("Here, GBT, with representation, litigated the construction of 'access preamble' in the Texas court, and construction of the limitation was necessary to the invalidity decision."); *Watts v. XL Sys., L.P.*, 2008 U.S. Dist. LEXIS 108128, at *39 (W.D. Tex. Jul. 2, 2008) ("Because claim construction is a matter of law that must be decided before infringement can be determined, this Court concludes that the claim-construction issue was previously litigated, decided, and necessary to the [infringement] judgment rendered.").

Lastly, Enovsys's position on what "necessary to the judgment" requires should be rejected because it is an unworkable standard—one that could never be satisfied to find claim construction issue preclusion based on a judgment of anticipation. According to Enovsys, Verizon must show that the prior court's construction of a term was "'the dispositive element that proved necessary' to the jury's invalidity findings." Dkt. 94 at 1-2. However, anticipation requires the jury to find that ***all*** claim elements, as construed by the court, were disclosed in the prior art. Thus, it will never be the case that a prior court's construction of a particular claim term

is "the dispositive element that proved necessary" to an anticipation finding.[2]

Enovsys had its opportunity to appeal the AT&T court's claim constructions in the prior

case and did in fact appeal unsuccessfully the construction of "preauthorized." *See* Dkt. 79-15 at

3; *Enovsys LLC v. AT&T Mobility LLC*, 678 Fed. Appx. 1025 (Fed. Cir. 2017). The doctrine of

issue preclusion bars Enovsys from collaterally attacking the prior claim constructions and re-

litigating the same issues in this case. Verizon respectfully requests that the Court adopt the prior

constructions from the AT&T case.


Dated: June 27, 2022

Kevin P. Anderson
DUANE MORRIS LLP
595 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776-5213
Facsimile: (202) 315-3169
KPAnderson@duanemorris.com

Holly E. Engelmann
Texas Bar No. 24040865
DUANE MORRIS LLP
100 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 257-7226
Facsimile: (214) 257-7201
hengelmann@duanemorris.com

By: */s/ Geoffrey M. Godfrey*
Geoffrey M. Godfrey
Erin Kolter (*pro hac vice*)
Janelle Luceria Elysee (*pro hac vice*)
Dylan Harlow (*pro hac vice*)
DORSEY & WHITNEY LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Phone: (206) 903-8800
Fax: (206) 903-8820
godfrey.geoff@dorsey.com
kolter.erin@dorsey.com
elysee.janelle@dorsey.com
harlow.dylan@dorsey.com

Melonie S. Jordan (*pro hac vice*)
DORSEY & WHITNEY LLP
Plaza Tower
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Phone: (714) 800-1400
Fax: (714) 800-1499
jordan.melonie@dorsey.com

---

[2] This would be true even if a jury completed a special verdict form that separately asked whether each claim limitation was disclosed in the prior art. If the jury found all limitations disclosed in the prior art, as anticipation requires, a subsequent court could not conclude that any particular claim limitation was "the dispositive element" necessary to the anticipation finding.

5

Michael E. Jones
Shaun William Hassett
POTTER MINTON, P.C.
110 North College Avenue, Suite 500
Tyler, TX 75710
Phone: (903) 597-8311
Fax: (903) 593-0846
mikejones@potterminton.com
shaunhassett@potterminton.com

*Counsel for Defendant*

### Certificate of Service

I certify this document is being served on counsel of record on the date listed above via the Court's CM/ECF system.

Dated:  June 27, 2022                    */s/ Geoffrey M. Godfrey*
                                         Geoffrey M. Godfrey